IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GUTIERREZ, | No. C 11-3928 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |
| v. | |
| MICHAEL MARTEL, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted based upon petitioner's due process claims. Respondent has filed an answer and a memorandum of points and authorities in support of it. Petitioner has not filed a traverse although given an opportunity to do so. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

The following facts are not disputed. Petitioner pleaded guilty to assault with a deadly weapon with an enhancement for personal infliction of great bodily injury. On April 8, 2008, the trial court sentenced petitioner to serve six years in state prison, suspended execution of the sentence, and placed petitioner on probation for three years. After petitioner was released from jail in August 2008, his probation was revoked three times – twice for failing to report to his

1  probation officer and once for fleeing from officers who were attempting to execute a warrant.
2  Each time probation was reinstated with additional terms and conditions.

3      At the second reinstatement of probation on August 17, 2009, the trial court asked
4  petitioner if he would waive all accrued custody credits (a total of 559 days), as against any
5  future prison sentence. Petitioner agreed.

6      On January 7, 2010, at the third reinstatement of probation, the trial court again asked
7  petitioner if he would waive all accrued custody credits, "past, now, from today on...."
8  Reporter's Transcript ("RT") at 1220. Petitioner again agreed. *Id.* The court emphasized to
9  petitioner that he was waiving credits respecting "any penal institution; meaning, if you don't
10 finish Jericho [live-in program], if you walk out of that place without graduating, you are going
11 to maximum state prison with zero credits. [¶] Do you understand that?" Petitioner's response
12 on the record was "Yes, sir." RT 1220. The minute order for that date reflects that petitioner
13 waived all credits "past, present & future" and that "deft will have zero cts." Clerk's Transcript
14 ("CT") at 74.

15     In an opinion upholding the waiver of credits as valid, the California Court of Appeal
16 made the following findings of fact:

17 > A few weeks later, defendant violated the terms of his probation when he was unsuccessfully discharged from Jericho and failed to report to the probation
18 > department. Defendant once again admitted the violation of probation. At a sentencing hearing before Judge René Chouteau on April 28, 2010, there was
19 > some confusion over whether defendant had previously waived credits. Defendant's attorney stated that defendant claimed his previous waiver of credits
20 > was "improperly done." The trial court, apparently referring to a probation department sentencing report dated August 10, 2009 (and so prepared before
21 > defendant ever entered a waiver of credits), stated, "I'm seeing 547 credits he's going to get," a reference to the 365 days of actual custody credit and 182 days
22 > of conduct credit defendant had as of August 2009, as reflected in the probation report. The court added, "There is no waiver of credits," another apparent
23 > reference to the August 2009 report. The prosecutor stated that "it's typically a person who's not given the benefit of treatment without waivers of treatment –"
24 > The court responded, "Oh, treatment credits. Perhaps. But he's got 547 days of custody credits."

25

26 > The court then ordered execution of the six-year prison sentence, imposed fines, and stated, "Now, you do get credit for time served." The prosecutor then
27 > referred the court to the probation department's sentencing report dated March 16, 2010, which correctly stated that defendant had waived all credits, stating,
28 > "Actually, Your Honor, he should have no – he should have zero credits, according to the calculation on page 4 [of the March 2010 report], based upon previous waivers, residential treatment, and for all purposes, actually." The court

2

responded, "I see. I was looking at the older report. What I'm going to do is I'm going to give him his actual custody credit. 365 days. No conduct credits and no treatment credits."

The prosecutor objected to the granting of actual credits, stating that defendant "specifically negotiated for waiver of all credits, for a benefit of Jericho and all treatment facilities. He should have been directly committed to prison previously, and the People are respectfully objecting. I don't believe, given his waivers, that that's appropriate." The prosecutor also stated that "it appears that there was no benefit of the bargain if the defendant was given an opportunity at treatment, not a direct commitment to treatment, and the Court withdraws and allows him those credits even after he failed." The trial court stated, "I appreciate your position. Let me just say, I've made a vow not to do this, but in this particular case I think it's appropriate, given my mistake in the report." The abstract of judgment reflects 365 days of custody credit.

*People v. Gutierrez*, No. A128494, slip op. at 4-5 (Cal. Ct. App. Mar. 9, 2011) (Ans., Ex. 8).

On appeal, the state appellate court reversed the award of custody credits and remanded the case to the trial court with directions to enter a new order awarding no custody credits at the time of sentencing. *Id.* at 10. The state supreme court summarily denied review on June 15, 2011. Petitioner filed the instant federal petition on August 10, 2011.

## ANALYSIS

**I.  STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also*

*Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000). In this case, the last reasoned opinion to address petitioner's claim is that of the California Court of Appeal.

**II.   PETITIONER'S CLAIMS**

As grounds for federal habeas relief, petitioner claims that his right to due process was violated because: (1) the trial court denied his sentencing credits without a hearing; (2) his objection to an earlier waiver of credits was denied without a hearing; and (3) the trial court opted not to give petitioner probation without conducting a hearing. Respondent argues that none of petitioner's claims raises a cognizable federal issue under § 2254 because they are based only on questions of state law, *i.e.*, whether petitioner was entitled to a hearing in any step during the state appellate review process.

Any deprivation of time credits allegedly impacting a prisoner's sentence, *i.e.*, impacting his or her duration of confinement, may generally only be remedied by way of habeas corpus. *See Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1989), *cert. denied*, 498 U.S. 1126 (1991); *Toussaint v. McCarthy*, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987). However, errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings. *See Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997); *Villafuerte v. Stewart*, 111 F.3d 616, 632 n.7 (9th Cir. 1997); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir.), *cert. denied*, 493 U.S. 1012 (1989). Such errors generally do not represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief. *See id.* They instead generally pertain to the review process itself and not to the constitutionality of a state conviction. *See, e.g.*, 28 U.S.C. § 2254(i) (claims of ineffective assistance of counsel during state or federal collateral post-conviction proceedings not cognizable on federal habeas review); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987) (denial of hearing on state collateral proceedings not addressable in

4

federal habeas), *cert. denied*, 484 U.S. 838 (1987); *see also Application of Gordon*, 157 F.2d 659, 660 (9th Cir. 1946) (allegation that state court decided appeal improperly not enough to state claim in federal habeas).

The Court agrees with Respondent that petitioner's claims fail to raise a cognizable federal issue under § 2254. Petitioner asserts that he was entitled to revisit the issue of whether he validly waived his credits through a hearing at different levels of the state appeal process. However, he does not attack the fact of the actual waivers themselves. Furthermore, petitioner fails to show how his federal due process rights were violated by the alleged error in the state courts, and the case law he relies on are inapplicable to this action. As discussed above, such state errors as petitioner claims are not proper grounds for habeas relief. *See Franzen*, 877 F.2d at 26.

The state court's rejection of petitioner's due process claims was neither contrary to nor an unreasonable application of the controlling federal law. Consequently, petitioner is not entitled to habeas relief.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated: June  19 , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\GUTIERREZ3928.RUL.hhl.wpd

5